UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LEONARD PERKINS                               CIVIL ACTION

VERSUS                                        NUMBER: 17-3971

JUDGE JON JO MALONSIAN,                       SECTION: "R"(5)
ET AL.

### REPORT AND RECOMMENDATION

Using the standardized form that is provided to state prisoners for filing suit pursuant to 42 U.S.C. §1983, the above-captioned matter was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Leonard Perkins, against Defendants, Judge John J. Molaison, Jr. of the Twenty-Fourth Judicial District Court; William C. Credo, Esq.; Jefferson Parish Coroner Dr. Gerry Cvitanovich; Tracy C. Sheppard, Esq. of the Twenty-Fourth Judicial District Indigent Defender Board; and Zac Crawford, Esq. and Richard Davis, Esq. of the Innocence Project New Orleans ("IPNO"). (Rec. doc. 3-1, pp. 1, 3).

Plaintiff is an inmate of the Louisiana State Penitentiary, Angola, Louisiana, as a result of his October 1, 1993 conviction for first degree murder and resulting sentence of life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.[1] In this, his most recent challenge to the legality of his conviction and resulting confinement, Plaintiff essentially complains of the unsuccessful outcome of state post-conviction proceedings that he brought to obtain physical evidence for DNA testing. (Rec. doc. 3-1, p. 4). In his prayer for relief, Plaintiff asks to be provided with withheld evidence allegedly in the possession of the Jefferson Parish Sheriff's Office Crime Laboratory, the

---

[1] Information pertaining to Plaintiff's state court criminal case was obtained from the record of a *habeas corpus* proceeding that he previously litigated in this court. *See Perkins v. Cain*, No. 02-CV-1305 "L"(1).

Jefferson Parish Coroner's Office, and/or Caremark Forensics; a chain of custody and report on the condition of the evidence for DNA testing; and appointment of counsel to accomplish the foregoing. (*Id.*).

Initially, the Court is required to examine Plaintiff's complaint to determine whether the allegations presented therein, if proven, would undermine the constitutional validity of his state-court conviction or confinement. When a state prisoner attacks the very fact or length of his confinement, the appropriate cause of action is a petition for writ of *habeas corpus* even though the facts of the complaint might otherwise be sufficient to state a claim under 42 U.S.C. §1983. *Caldwell v. Line*, 676 F.2d 494 (5th Cir. 1982); *Richardson v. Fleming*, 651 F.2d 366 (5th Cir. 1981); *Johnson v. Hardy*, 601 F.2d 172 (5th Cir. 1979). Where the exclusive initial remedy is for *habeas corpus* relief, exhaustion of state-court remedies is required. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982). The exhaustion requirement is satisfied only where a prisoner's grounds for federal *habeas corpus* relief were previously presented to the state's highest court in a procedurally proper fashion. *Knox v. Butler*, 884 F.2d 849, 852 n. 7 (5th Cir. 1989), *cert. denied*, 494 U.S. 1088, 110 S.Ct. 1828 (1990); *Dupuy v. Butler*, 827 F.2d 699, 702 (5th Cir. 1982).

Plaintiff's allegations, that he remains incarcerated due to potentially exculpatory evidence being withheld and due to the neglect of various attorneys in their efforts to obtain it, challenge the fact and duration of his confinement which must initially be pursued on *habeas corpus* grounds, but only after he has exhausted available state-court remedies with respect to them. *Hernandez v. Spencer*, 780 F.2d 504, 505 (5th Cir. 1986). In that regard, Plaintiff indicates on the face of his complaint, in answer to question No. I of the pre-printed §1983 complaint form, that he has initiated only one other lawsuit, in state or federal court,

dealing with the same facts involved in this action or otherwise relating to his imprisonment, that being the matter on the docket of this court entitled *Perkins v. Williams, et al.*, No. 98-CV-2279 "N"(2), a §1983 action containing claims not dissimilar to the ones presented herein. Accordingly, insofar as the instant matter can be construed as a request for *habeas corpus* relief, it should be dismissed without prejudice for failure to exhaust available state-court remedies. *McGrew v. Texas Board of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995).

The Court must next determine whether any valid §1983 claims are raised by Plaintiff's complaint. For the reasons that follow, the Court easily answers that question in the negative. With respect to the first-listed Defendant, Judge Molaison, the conduct of which Plaintiff complains concerns the manner in which the Judge handled a case that was pending before him. Such conduct is clearly judicial in nature, triggering the application of absolute judicial immunity. *Jones v. Judge of the 129th, Harris County District Court*, 113 Fed.Appx. 603, 604 (5th Cir. 2004)(citing *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994)). As such, plaintiff's §1983 claim against Judge Molaison in his individual capacity fails due to the absolute judicial immunity that the Judge enjoys. *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099 (1978); *Graves v. Hampton*, 1 F.3d 315, 317-18 (5th Cir. 1993). Further, any such claim brought against Judge Molaison in his official capacity fails for two reasons. First, the Judge is a state official and state officials acting in that capacity are not considered to be "persons" within the meaning of §1983. *Washington v. Louisiana*, No. 09-CV-3186, 2009 WL 2015556 at *5 (E.D. La. June 30, 2009). Second, because an official-capacity claim against the Judge is, in reality, a claim against the state itself, any such claim is barred by the Eleventh Amendment. *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188 (5th Cir. 1986); *Doris v. Van Davis*, No. 08-CV-4138, 2009 WL 382653 at *2 (E.D. La. Feb. 12, 2009).

Of the five remaining Defendants, four of them (*i.e.*, Credo, Sheppard, Crawford, and Davis) share a common characteristic, that being their status as duly-licensed attorneys. As to them, absent colorable allegations of a conspiracy with traditional state actors, neither retained nor appointed counsel are considered to be acting under color of state law for purposes of §1983 liability. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445 (1981); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985). As no such allegations have been pled by Plaintiff here, any §1983 claims against the appointed and retained counsel named by Plaintiff should be dismissed with prejudice under 28 U.S.C. §1915(e)(2)(B)(i) and (ii). *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

The final Defendant named by Plaintiff is Coroner Cvitanovich. Based on a review of Plaintiff's complaint and its attachments, it appears that Plaintiff's claim as to him is that Cvitanovich, through counsel, denied Plaintiff's public records request based on his failure to comply with the provisions of LSA-R.S. 44.31.1.[2] (Rec. doc. 3-1, pp. 4, 23). In that regard, it is axiomatic that in order to state a claim under §1983, an aggrieved person must demonstrate: (1) that the conduct in question deprived the person of the rights, privileges, or immunities secured by the Constitution or laws of the United States and (2) that the conduct complained of was committed by a person acting under color of state law. *Jones v. St. Tammany Parish Jail*, 4 F.Supp. 2d 606, 610 (E.D. La. 2013). A violation of the Louisiana Public Records Act, a state law, does not rise to the level of a constitutional violation that is redressable under §1983. *Williams v. Kreider*, No. 91-CV-4180, 1992 WL 245914 at *3 (E.D. La. Sept. 24, 1992), *aff'd*, 996 F.2d 306 (5th Cir. 1993). In light of these authorities, it will be

---

[2] Under LSA-R.S. 44.31.1, the custodian of records may require the requester to demonstrate, *inter alia*, that the request for public records "… is limited to the grounds upon which such individual may file for post conviction relief under Code of Criminal Procedure Article 930.3."

recommended that Plaintiff's complaint as to Cvitanovich be dismissed for failure to state a claim under §1983.

Two additional reasons supporting the dismissal of Plaintiff's §1983 action warrant discussion here. First, as Plaintiff's complaint makes no mention of any events which occurred within one year of the date that he signed his complaint, any §1983 claims are prescribed. *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989). Second, the sole relief requested by Plaintiff in the present case is a court order directing that he be provided with the allegedly withheld evidence that he seeks. The Court, however, possesses no general mandamus power to direct state officials in the performance of their duties where mandamus is the only relief sought. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997); *Russell v. Knight*, 488 F.2d 96 (5th Cir. 1973); *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275 (5th Cir. 1973); *Lamar v. 118th Judicial District Court of Texas*, 440 F.2d 383 (5th Cir. 1971); *Haggard v. State of Tennessee*, 421 F.2d 1384 (6th Cir. 1970).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's complaint, to the extent that it can be construed as a request for *habeas corpus* relief, be dismissed without prejudice.

It is further recommended that Plaintiff's §1983 claims be dismissed with prejudice under 28 U.S.C. §1915(E)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such

consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[3]

New Orleans, Louisiana, this  18th  day of _____May_____ 2017.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[3] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.