UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LEONARD PERKINS | CIVIL ACTION |
| VERSUS | NO. 17-3971 |
| JUDGE JON JO MALONSIAN, ET AL. | SECTION "R" (5) |

# **ORDER**

Before the Court are Plaintiff Leonard Perkins's *pro se* civil rights complaint[1] under 42 U.S.C. § 1983 and his objections[2] to the Magistrate Judge's Report and Recommendation that the complaint be dismissed with prejudice.[3] The Court, having reviewed *de novo* the complaint, the record, the applicable law, the Magistrate Judge's Report and Recommendation, and the plaintiff's objections, hereby approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion.

In his objections, plaintiff argues that the Supreme Court's decision in *Skinner v. Switzer,* 562 U.S. 521 (2011), permits his § 1983 claim for production of DNA evidence.[4] *Skinner* recognized a cognizable post-

---

[1] R. Doc. 3-1.
[2] R. Doc. 7.
[3] R. Doc. 6.
[4] R. Doc. 7 at 2.

conviction § 1983 claim against state officials with custody of DNA evidence for testing of that evidence. *Id.* at 525, 529. Plaintiff alleges that the DNA evidence he wishes to test is in the possession of Jefferson Parish Coroner Dr. Gerry Cvitanovich.[5]

Plaintiff's § 1983 claim is nevertheless barred by the statute of limitations.[6] Plaintiff alleges that Cvitanovich, through his attorney, denied plaintiff's claim for production of DNA evidence.[7] All the allegations in plaintiff's complaint relate to events in 2013 and 2014, and the exhibit attached to the complaint indicates that Cvitanovich denied plaintiff's request in May 2014.[8] Plaintiff did not file his complaint until April 24, 2017.[9] As the Magistrate Judge found, plaintiff's claim is therefore untimely under the one-year statute of limitations applicable to § 1983 claims in Louisiana. *See* La. Civ. Code. art. 3492; *Burge v. Parish of St. Tammany*, 996 F.2d 786 (5th Cir. 1993). Plaintiff did not object to the Magistrate Judge's finding on the statute of limitations and his complaint does not

---

[5] R. Doc. 3-1 at 4; R. Doc. 7 at 2.
[6] The Magistrate Judge suggested that plaintiff's complaint could be construed as a petition for habeas corpus. *See* R. Doc. 6 at 1-3. Given plaintiff's representation that he wishes to bring a § 1983 suit and is not seeking habeas relief, the Court will not construe his complaint as a petition for a writ of habeas corpus. *See* R. Doc. 7 at 1.
[7] R. Doc. 3-1 at 4.
[8] *Id.* at 4, 23.
[9] R. Doc. 1.

include any allegations that suggest tolling would be warranted in this case.[10] Accordingly, the Court finds that plaintiff's claim is barred by the limitations period.

IT IS ORDERED that plaintiff's complaint is DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

New Orleans, Louisiana, this __21st__ day of August, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[10] R. Doc. 7; R. Doc. 3-1.